UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLEY ROBERT SIMPSON,

      Plaintiffs,

v.                                                   Case No. 8:22-cv-0011-KKM-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Defendant's Motion to Dismiss (Doc. 11) is before the Court. *Pro se* Plaintiff has not responded to the motion, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla. (party opposing motion to dismiss must file response in opposition within 21 days after service). The undersigned recommends that the motion be granted.

**BACKGROUND**

Plaintiff filed an application for Supplemental Security Income ("SSI") in July 2011 (Rega Decl. at ¶ 4, Doc. 11-1 at 2).[1] In June 2014, an ALJ determined that Plaintiff is disabled and entitled to monthly SSI benefits (*Id.* at ¶ 5). Then, in July 2021, the agency learned that Plaintiff had been incarcerated since the previous month (*Id.* at ¶¶ 6-7). The Commissioner mailed Plaintiff a Notice of Planned Action letter dated July 26, 2021,

---

[1] Tracy Rega is a System Analyst for the SSI Program Team in the Atlanta Regional Office of the Social Security Administration, and her declaration is attached to the Commissioner's Motion to Dismiss (*see* Doc. 11-1 at 1-3).

stating that Plaintiff's SSI benefits would be reduced to zero beginning in June 2021, because he was "in a public institution and Medicaid does not pay more than half the cost of your care." (Doc. 11-1 at 5).

The agency's letter informed Plaintiff he had the right to appeal the decision to reduce his benefits. "If you disagree with this decision, you have the right to an appeal. A person who did not make the first decision will decide the appeal. We call this appeal a reconsideration." (*Id*. at 6). The letter told him how to file a written appeal and the deadline to do so (*Id*.). It discussed the three types of appeals – case review, informal conference, and formal conference. It is unclear if Plaintiff received the letter – he was incarcerated at Hillsborough County's Falkenburg jail at the time – but it was sent to his last known address and states: "We assume you received this letter 5 days after the date on the letter." (*Id*.).

The agency's records do not show that Plaintiff appealed or otherwise sought reconsideration of the July 26, 2021 Notice of Planned Action (Rega Decl. at ¶ 8). Instead, Plaintiff filed his *pro se* Complaint against the Commissioner on January 3, 2022, alleging: "I am owed the months June, July, August and September, 2021 because I was not a prisoner, I was a pre-trial detainee and was not adjudicated and sentenced until October 2021." (Doc. 1 at 4). Plaintiff does not appear to dispute that the agency properly suspended his SSI benefits post-conviction. The Commissioner's motion to dismiss under Rules 12(b)(1) and 12(b)(6) followed (Doc. 11).

**DISCUSSION**

Under Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. When challenging subject matter jurisdiction under Rule 12(b)(1), a party may make either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations omitted). Factual attacks challenge the very existence of subject matter jurisdiction, irrespective of the pleadings. *Id.*

Here, the Commissioner argues the Court does not have jurisdiction under Rule 12(b)(1) to consider this matter because Plaintiff failed to exhaust his administrative remedies and has not received a "final decision" under 42 U.S.C. § 405(g) entitling him to judicial review (Doc. 11 at 5-10). To decide this factual attack to the Court's subject matter jurisdiction, the Court may consider materials outside the pleadings, such as affidavits. *Id.* If the Court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The authority for judicial review of a decision of the Commissioner of Social Security is found in 42 U.S.C. § 405(g). Section 405(g) limits a federal district court's review of claims for disability insurance benefits arising under Title II of the Social Security Act (the "Act"). A district court does not have subject matter jurisdiction over such an appeal of the Commissioner's decision unless the party seeking review has exhausted his or her remedies as set forth in the Act. *Crayton v. Callahan*, 120 F.3d 1217,

1220 (11th Cir. 1997); *Mantz v. Comm'r of Soc. Sec.*, 486 F. App'x 845, 846 (11th Cir. 2012).[2] A civil action may be brought only after (1) the claimant has been party to a hearing held by the Commissioner of Social Security; and (2) the Commissioner has made a final decision on the claim. *See* 42 U.S.C. § 405(g). A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988).

Plaintiff did not respond to Defendant's Motion to Dismiss, and the Court deems it unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed); Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). In addition, when one party argues that a claim is subject to dismissal and the non-moving party fails to respond, that claim is deemed abandoned. *See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *A1 Procurement, LLC v. Hendry Corp.*, No. 11-23582-CIV, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012) (dismissing claims as abandoned

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

4

where plaintiff failed to respond to the defendants' arguments concerning the dismissal of those claims).

In any event, the Court has carefully reviewed the allegations of Plaintiff's Complaint (Doc. 1) and the arguments made in Defendant's Motion to Dismiss (Doc. 11) and finds that Defendant's arguments are meritorious. Plaintiff's Complaint (Doc. 1) should be dismissed for lack of subject matter jurisdiction, because Plaintiff did not exhaust his administrative remedies before filing his federal district court appeal of the agency's July 26, 2021 Notice of Planned Action (Rega Decl. at ¶ 8), and he does not raise a constitutional claim.[3]

Plaintiff's claim should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include enough facts to state a claim to relief that is plausible on its face." *Checker Cab Operators, Inc. v. Miami-Dade Cnty.*, 899 F.3d 908, 915 (11th Cir. 2018) (quoting *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016)). "A claim

---

[3] *Compare Guimmo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing district court for granting motion to dismiss solely based on the plaintiff's failure to file an opposition and requiring district court to indicate that it had considered the sufficiency of the complaint's allegations and to provide a reason why the complaint failed to state a claim), *with Moore v. Camden Prop. Tr.*, No. 1:17-CV-01655-ELR, 2019 WL 11441431, at *3 (N.D. Ga. Mar. 26, 2019) (noting plaintiff's failure to respond to defendants' motion to dismiss indicated plaintiff did not oppose the motion and granting motion to dismiss for the "well-stated reasons by Defendants in their motions to dismiss"), *aff'd*, 816 F. App'x 324, 330 (11th Cir. 2020) (distinguishing *Giummo*, finding no abuse of discretion because district court did not grant the motions to dismiss solely based on plaintiff's failure to file an opposition brief, but rather considered the complaint and the motion documents, and noting "[t]hat the district court chose to adopt the defendants' reasons rather than separately detailing them in an order demonstrated sufficient consideration of the merits of [plaintiff's] complaint").

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all the factual allegations contained therein. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). Plaintiffs, however, are obligated to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Accepting all of Plaintiff's allegations as true, he still is not entitled to SSI benefits for the months he was a pre-trial detainee. The Act states that "no person shall be an eligible individual" for SSI "with respect to any month if throughout such month he is an inmate of a public institution." 42 U.S.C. § 1382(e); *see also* 20 C.F.R. § 416.211(a) (with limited exceptions "you are not eligible for SSI benefits for any month throughout which you are a resident of a public institution."). A public institution includes establishments operated or controlled by a state or a political subdivision of the state that make available treatment or services in addition to food or shelter to four or more persons not related to the proprietor. *See* 20 C.F.R. § 416.201 (defining "institution" and "public institution").

Plaintiff concedes he was detained pre-trial from June 2021 until his conviction in October 2021 and is currently serving his sentence (Doc. 1 at 4). Plaintiff's pretrial detainee status during June, July, and August 2021 is irrelevant – the agency suspended his SSI benefits beginning the first full month of his confinement, in accordance with the Act and its regulations. *See* 42 U.S.C. § 1382(e); 20 C.F.R. §§ 416.201, 416.211(a).

6

## CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiff's claim under Rule 12(b)(1), because he failed to exhaust his administrative remedies and he does not raise a constitutional argument. Additionally, Plaintiff's complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6).

Therefore, the undersigned RECOMMENDS:

(1) Defendant's Motion to Dismiss Complaint (Doc. 11) be **GRANTED**; and

(2) The Clerk be directed to **CLOSE** this case.

**IT IS SO REPORTED** in Tampa, Florida on March 31, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.