UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLEY ROBERT SIMPSON,

    Plaintiff,

v.                                     Case No: 8:22-cv-0011-KKM-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Charley Simpson sued the Social Security Administration after the Commissioner stopped paying him supplemental security income in June 2021. (Doc. 1.) The Commissioner moves to dismiss the suit because Simpson was not entitled to supplemental security income after June 2021 because he was incarcerated, and because he did not exhaust the administrative review process before suing. (Doc. 11.) Simpson did not respond to the motion. *See* Local Rule 3.01(c) (explaining that if a party fails to timely respond, the motion may be deemed unopposed).

After reviewing the Complaint and the motion, the Magistrate Judge recommended that the Court grant the motion and dismiss the case. (Doc. 12.) The fourteen-day deadline for Simpson or the Commissioner to object to the Magistrate Judge's recommendation has

passed (with an additional three days permitted for mailing). Neither objected. Nevertheless, the Court reviews the Magistrate Judge's legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

After a complete review, the Court concludes that the case should be dismissed without prejudice for the reasons that the Magistrate Judge stated. (Doc. 12.) First, the Court lacks subject matter jurisdiction because Simpson failed to exhaust the administrative review process before filing suit in this Court. (Doc. 11-1); *see Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (holding that failure to exhaust remedies under 42 U.S.C. § 405(g) is jurisdictional). Second, even liberally construed, Simpson fails to state a claim upon which relief may be granted. Simpson was not entitled to supplemental security income because—as he admits, (Doc. 1 at 4)—he was incarcerated during the months when the Commissioner denied him the income, *see* 42 U.S.C. § 1382(e) (explaining that inmates of a public institution are not entitled to benefits); 20 C.F.R. § 416.211(a) (same).

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation is **ADOPTED** and made a part of this Order for all purposes. (Doc. 12.)

2. Defendant's Motion to Dismiss is **GRANTED**. (Doc. 11.)

2

3.  The Clerk is directed to **TERMINATE** any pending motions or deadlines, **ENTER** judgment in favor of Defendant, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 19, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge